UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GMB GLOBAL MARITIME BREAKBULK,

        Plaintiff,

- against -

KUEHNE & NAGEL S.A., MADRID,

        Defendant.
------------------------------------------------------------X

08 Civ. 2031 (GBD)

ECF CASE

## AMENDED VERIFIED COMPLAINT

Plaintiff, GMB GLOBAL MARITIME BREAKBULK ("Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Amended Verified Complaint against the Defendant, KUHNE & NAGEL S.A., MADRID (hereinafter referred to as "Defendant") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and this Court's federal question jurisdiction, 28 United States Code § 1331.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

4. By a GENCON charter party and rider (the "charter party") entered into dated January 11, 2008, Plaintiff chartered to Defendant the M/V SAGA VIKING (the "Vessel") for a

carriage of 1,250 packages ductile pipes DN containing one nested pipe of DN 1,400 unit weight from Qingdao, China to Cartagena. *See GENCON charter party attached as Exhibit 1.*

5. The charter party provides for demurrage rate of $47,500.00 per day.

6. Despite due demand by Plaintiff, Defendant has breached the charter party by failing to pay outstanding demurrage that is owed to Plaintiff in the principal amount of $352,399.33.

7. As a result of Defendant's breach of the charter party, Plaintiff has sustained damages in the total principal amount of $352,399.33, exclusive of interest, costs and attorneys' fees.[1]

8. Pursuant to the charter party, all disputes are to be submitted to arbitration in London with English Law to apply.

9. Plaintiff has commenced arbitration proceedings against the Defendant, in accordance with the charter party.

10. This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party.

12. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

   A.  Principal claim:

   Balance due and owing on demurrage overdue              $352,399.33

---

[1] Plaintiff has reduced the principal claim in its Verified Complaint dated February 29, 2008 due to Defendant's partial payment of $3,053,742.40.

2

|   |   |   |
|---|---|---|
| B. | Interest on principal claim at 7% compounded quarterly for two years: | $ 52,465.88 |
| C. | Attorneys' fees and costs of arbitration: | $125,000.00 |
| **Total:** | | **$529,865.21** |

13. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

14. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Amended Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also

pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of $529,865.21 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Amended Complaint;

  D. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

  E. That in the alternative, this Court enter judgment against the Defendant on the claims set forth herein;

  F. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

  G. That this Court award Plaintiff its attorney's fees and costs of this action; and

  H. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: March 17, 2008
Southport, CT

        The Plaintiff,
        GMB GLOBAL MARITIME BREAKBULK

By: _____
        Patrick F. Lennon
        Coleen A. McEvoy
        LENNON, MURPHY & LENNON, LLC
        The GrayBar Building
        420 Lexington Ave., Suite 300
        New York, NY 10170
        (212) 490-6050 – phone
        (212) 490-6070 – fax
        pfl@lenmur.com
        cam@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   Town of Southport
County of Fairfield   )

1. My name is Coleen A. McEvoy

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Amended Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: March 17, 2008
       Southport, CT

Coleen A. McEvoy